Daniel, J.
 

 Catharine Darby, an indigent "lady, in the year 1810, came to the house of the defendant, where she was kindly received, and lived on terms of friendship and equality with the family, until the year 1824, when she died, leaving no issue-. During all that time the defendant maintained her, but never made- any charge for her board and-maintenance-or intimated a design to do so. A Mrs. Blount made her will and left C. Darby a legacy,, and died just before C. Darby did. In the year 1832, the defendant administered on the estate of C. Darby, and, as such, took into his possession the said legacy. The next of kin not making any application in seven years for the said fund, the plaintiffs, by virtue of atr act of Assembly, claimed the fund, and have filed this bill to obtain it. The case now comes before
 
 *608
 
 ns upon an exception by the defendant to the report of the master¡ that he had not been allowed the sum of $60 per year for the board of C. Darby, from-the year 1810 to the year 1824. In looking into the defendant’s answer, his examination before the master, and the deposition of Mary Parker, it appears to us, that Mr. McNair boarded C. Darby the time mentioned from motives of charity, kindness, and benevolence, or in other words he gave her the boardl The circumstance of the legacy coming to her afterwards, does not, either in law or equity, authorize him now to raise this charge. We think, that the exception must be overruled, and that the report must be confirmed, and' a decree entered for the plaintiffs accordingly.
 

 Per Curiam. Decree accordingly.