FANNIE J. FULLER *vs.* RAYMOND G. MOWRY, Administrator *de bonis non* with will annexed, of EMILY M. HILL.

In a suit by one to recover compensation for services rendered to another while they were members of a family living together in one household, if the circumstances in which the services were rendered were such as to show a reasonable and proper expectation that compensation was to be made, the plaintiff will be entitled to recover.

In 1883 an insane woman was taken by her then guardian to the apartments of her sister, the plaintiff, where she remained until her death in 1890, during which time the guardians applied the income of their ward's estate to the support of their ward and of the plaintiff. The plaintiff gave up her previous occupation in order to render to her sister the constant care and attendance which the latter's physical and mental condition required. She made no claim for compensation during her sister's lifetime, but did so immediately upon her death, and before the existence of a will was known. In a suit against the administrator to recover such compensation based on an implied contract for necessaries furnished her sister, the plaintiff recovered a verdict.

*Held*, that a request to instruct the jury at the trial that unless they found an express promise by the deceased, or by either of her guardians in her lifetime, the plaintiff could not recover, was properly refused.

*Held*, further, that the verdict was warranted by the evidence.

The defendant also requested that the jury be instructed as follows: "In ascertaining evidence of indebtedness, the admissions or promises of Dr. Eldredge (a former administrator) or Mr. Mowry, the defendant, are not to be considered by the jury." The court refused such request, but had already charged "that the promise, if one was made, by the administrator that the plaintiff should be

paid, could not create a valid claim against the estate. It might, possibly, if made in writing, bind the administrator to pay. If given in writing to avoid the statute of frauds—if given in writing for that purpose—it might bind him, but would not bind the estate, and would not create a lien upon the estate."

*Held*, that the instruction given was practically equivalent to that requested, and that the court was not bound to charge in the language of the request.

Letters written by the defendant's predecessor in the office of administrator in corroboration of other testimony on the part of the plaintiff tending to show that the services were rendered as claimed, and that the plaintiff had made a claim for compensation, and to rebut any inference of payment, were admissible in evidence for such purposes, as admissions of the former administrator binding on the defendant by reason of the privity of estate existing between them.

DEFENDANT'S petition for a new trial.

*December* 11, 1893.    MATTESON, C. J.    This is *assumpsit* to recover for the services of the plaintiff in the care of, nursing, and attendance on, Mrs. Emily M. Hill, deceased, on whose estate the defendant is administrator *de bonis non*, with the will annexed. The trial below resulted in a verdict for the plaintiff. The defendant now petitions for a new trial on the grounds that the verdict is against the evidence and that the court erred in its rulings.

The testimony shows that the deceased, who was of unsound mind, was taken by her guardian, in the latter part of 1883, from the insane hospital in Worcester, Massachusetts, to the rooms occupied by her sister, the plaintiff, in that city; that from that time to her death in May, 1890, Mrs. Hill continued to reside with the plaintiff, and that, during the whole of this period her condition, both physical and mental, required the constant care and attendance of the plaintiff; that the income of the property owned by Mrs. Hill was applied by her guardians to the support of the ward and of the plaintiff during the period that the ward resided with the plaintiff.

The brother of Mrs. Hill, who was her guardian at the time of her removal from the hospital to the plaintiff's apartments, died in 1887. By reason of his death, the plaintiff, by Pub. Stat. R. I. cap. 214, § 33, in force at the time of the trial below, was disqualified from testifying as a witness on her own offer as to the contract or understanding between

herself and the guardian, and she was not called as a witness for that purpose by the defendant. What were the terms of such contract or understanding, if any there was, therefore, does not appear.

The defendant requested the court to instruct the jury, that unless they found an express promise by the deceased, or by either of her guardians in her lifetime, the plaintiff could not recover. The court denied the request and the defendant excepted.

This exception and the ground that the verdict is against the evidence are so closely related that they may conveniently be considered together.

As Mrs. Hill was of unsound mind, she was, of course, incompetent to make an express promise; and an express promise by her guardian would not have been binding on her, or her estate, but only on the guardian himself personally. Schouler, Domestic Relations, § 344. The suit is against the administrator of the ward and is based, not on an express contract, but on a contract implied by law for necessaries furnished to the ward.

The defendant argues that though the law implies a promise to pay for services rendered and voluntarily accepted, yet when the services are rendered by members of a family living together in one household to each other, no such implication arises; for the reason that where the household family relation exists, reciprocal acts of kindness which tend to promote the comfort and convenience of the members of the household are presumed to have been rendered disinterestedly, from mere affection or good will; and, hence, that a plaintiff who sues for such services, to recover, must show affirmatively an express promise of remuneration. Doubtless this argument is sound, so far as it goes, but the principle contended for is subject to the further qualification that if the circumstances in which the services are rendered are such as to show a reasonable and proper expectation that compensation is to be made, the plaintiff will be entitled to recover. *Disbrow* v. *Durand*, 54 N. J. L. 343; *Carpenter* v. *Weller*, 15 Hun, 134; *Bundy* v. *Hyde*, 50 N. H. 116; *Guild* v. *Guild*, 15

Pick. 129; Keener on Quasi-Contracts, 315–341. The testimony shows, as already stated, that Mrs. Hill's condition required the constant care and attendance of the plaintiff, and that the latter, in consequence, gave up her previous occupation in order to render to her sister the care and attendance which were necessary. While it is doubtful if the plaintiff, unless prompted by her sisterly affection would have been willing to give up her prior occupation and take on herself the burden of caring for, nursing and attending the deceased, suffering as the latter was from the infirmities of mind and body with which she was afflicted, and which rendered her incapable of reciprocating or perhaps appreciating the acts of kindness bestowed on her, we think that the jury were fully warranted in finding on the testimony a reasonable and proper expectation on the part of the plaintiff that she was to be compensated for her services beyond the mere support which she received from the income of her sister's estate. The only fact appearing which can be urged as inconsistent with such expectation is that the plaintiff made no claim for compensation during the lifetime of her sister. Why she made no claim does not appear, but it is to be borne in mind in this connection that if the fact was susceptible of explanation, the plaintiff was precluded by the statute from making it. It may be conjectured that the income of the estate of Mrs. Hill was barely sufficient for the comfortable support of the household, and that the plaintiff was, therefore, willing to forego, while her sister was living, payment of compensation which could only be made out of the principal of the estate, and which would thereby lessen the income needed for their support. But whether this be so or not, the testimony shows that immediately on the death of Mrs. Hill, and before the existence of a will was known, the plaintiff made her claim for compensation. This prompt presentation of her claim on the death of her sister tends to negative the idea that her claim was an after-thought and to support the view that she expected to receive compensation.

We think that the instruction was properly denied and that the verdict was not against the evidence.

Another instruction to the jury requested by the defendant and denied by the court, to the denial of which the defendant excepted, was as follows: "In ascertaining evidence of indebtedness, the admissions or promises upon the part of Dr. Eldredge or Mr. Mowry, the defendant, are not to be considered by the jury." The court had already instructed the jury that "the promise, if one was made by the administrator, that the plaintiff should be paid, could not create a valid claim against the estate. It might possibly, if made· in writing, bind the administrator to pay. If given in writing to avoid the statute of frauds—if given in writing for that purpose—it might bind him, but would not bind the estate and would not create a lien upon the estate." We think that this instruction was sufficiently favorable to the defendant. It was practically equivalent to that requested. The rule is too well settled to need the citation of authority that a court is not bound to give instructions in the words requested by counsel.

The court permitted certain letters written by Dr. Eldredge after the death of Mrs. Hill and, therefore, after he had ceased to be her guardian, but while he was administrator on her estate, to be read in evidence. To the admission of these letters the defendant also excepted, on the ground that they could not be evidence of any claim against the estate. These letters were not admitted for the purpose of creating a claim against the estate. They were offered and admitted merely in corroboration of other testimony on the part of the plaintiff showing, or tending to show, that the services claimed to have been rendered were rendered, and that the plaintiff had made her claim for compensation, and to rebut any inference that the plaintiff had been paid. We think that these letters were admissible for these purposes as admissions of the former administrator binding on the defendant by reason of the privity of estate between him and Dr. Eldredge, his predecessor in the office of administrator. *Emerson* v. *Thompson*, 16 Mass. 429; *Stacy* v. *Thrasher*, 6 How. (U. S.) 44, 59, 60; *Newhouse* v. *Redwood*, 7 Ala. 598; *Lashlee* v. *Jacobs*, 9 Hump. (Tenn.) 718; *Duncan* v.

*Watson,* 28 Miss. 187, 207 ; *Taylor* v. *Barrow,* 35 N. H. 484, 493 ; 2 Williams on Executors, 917, and note ; 2 Wœrner's American Law of Administration, § 353.

Defendant's petition for new trial denied and dismissed with costs.

*Charles J. Arms,* for plaintiff.

*Charles E. Gorman,* for defendant.