HARRIET E. NEWELL *vs.* CHARLES H. LAWTON, Executor.

PROVIDENCE—DECEMBER 7, 1897.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

Services rendered or benefits conferred by members of the same household to or upon each other are presumed, in the absence of evidence to the contrary, to have been prompted by affection or good will rather than from an expectation of payment.

Testimony that testatrix said to plaintiff, her daughter, that the latter's work was hard and she could not pay her then, is, by itself, too slight to overcome the presumption.

ASSUMPSIT for services rendered to testatrix, the plaintiff's mother.

MATTESON, C. J. This is an action of assumpsit. The testimony shows that the plaintiff rendered services for the testatrix in taking care of and nursing her for several years before her death. The testatrix was the plaintiff's mother, and the two had lived together while the services were rendered. During the same period the plaintiff had kept hens and furnished eggs and sold fowls and used the proceeds in purchasing supplies for the household, but to what extent

does not appear. The evidence shows no express agreement on the part of the testatrix to pay for these benefits, nor circumstances affording ground for a reasonable expectation on the part of the plaintiff that compensation was to be made. The only testimony which can be regarded as in any way tending to do so was that the testatrix had said to the plaintiff that she had to work hard, and that she, the testatrix, could not pay her then. This testimony, standing by itself, is too slight to rebut the presumption arising in such cases that services rendered or benefits conferred by members of the same household to or upon each other are prompted by affection or good will rather than from an expectation of payment. *Fuller* v. *Mowry*, 18 R. I. 424. If the case had gone to the jury and a verdict had been rendered for the plaintiff, it would have been insufficient to sustain the verdict. A nonsuit, therefore, was properly granted.

New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment for the defendant for costs.

*Joseph Osfield, Jr.*, for plaintiff.
*Stephen A. Cooke and Louis L. Angell*, for defendant.