HORTENSE M. BROWN *vs.* EUGENE D. CUMMINGS, Admr.

PROVIDENCE—NOVEMBER 10, 1905.

PRESENT: Douglas, C. J., Dubois, Johnson, and Parkhurst, JJ.

(1)  *Implied Contracts.  Domestic Relations.*

In the absence of any evidence, the presumption arises that services rendered between members of the same family are gratuitous, but this presumption yields to evidence, so that if the circumstances in which the services are rendered are such as to show a reasonable and proper expectation that compensation is to be made, the plaintiff will be entitled to recover.

If the persons are related, but not living together, this doctrine has no application, and even in the case of members of the same family the circumstances in which the services were rendered should be submitted to the jury for their determination as to whether they show a reasonable and proper expectation that compensation was to be made.

ASSUMPSIT.  Heard on petition of plaintiff for new trial, and granted.

PER CURIAM.  The plaintiff brought suit to recover compensation for services rendered in nursing her step-father, the defendant's intestate, during his last sickness, at his special request, when she was not a member of his family, but without any express promise to pay for the same.  At the conclusion of the testimony for the plaintiff the court granted the defendant's motion for a nonsuit upon the ground that the relationship of the plaintiff to the deceased precluded her recovery in the action, without proof of an express and definite promise of the deceased to pay for her service.

(1)    In the absence of any evidence the presumption arises that services rendered between members of the same family are gratuitous, but this presumption yields to evidence so that "if the circumstances in which the services are rendered are such as to show a reasonable and proper expectation that compensation is to be made, the plaintiff will be entitled to recover."  *Fuller* v. *Mowry*, 18 R. I. p. 426.  But the doctrine of the presumption is by its terms limited to services rendered between members of the same family.  If the persons are related,

but not living together, this doctrine has no application. Page Contracts, § 783; *Williams* v. *Williams*, 114 Wis. 79. If the plaintiff was not a member of the family of the defendant's intestate during the time the services in suit were being rendered, she was not subject to the rule invoked by the court, and if she was a member of his family at that time, then the circumstances in which the services were rendered should have been submitted to the consideration of the jury for their determination as to whether they do or do not show a reasonable and proper expectation that compensation was to be made.

It follows that the court erred in granting the nonsuit.

Plaintiff's petition for a new trial granted, and case remitted to the Superior Court for further proceedings.

*Samuel W. K. Allen*, for plaintiff.

*Albert D. Bean*, for defendant.