ANNIE FRAIN *vs.* JAMES BRADY, Admr.

OCTOBER 19, 1926.

PRESENT:   Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)   *Contracts.   Services Rendered Deceased.*

In an action involving a contract for services rendered to one who has deceased, the test of the right to recover is the reasonable and proper expectation of both plaintiff and the deceased that plaintiff would be compensated.

(2)   *Contracts.   Gratuitous Services.*

If acting under an erroneous belief about the financial condition of a person, which belief was not induced by any fraud on the part of such person, plaintiff intended her services to such person as an absolute gratuity regardless of the actual fact of the financial condition of such person plaintiff could not recover after the death of such person and the discovery of funds, for an intended charitable relationship during life cannot be converted into a contractual one after death.

(3)   *New Trial.   Appeal and Error.   Verdicts.*

In the absence of clear error the action of a trial justice in disapproving a verdict, will be sustained.

ASSUMPSIT.   Heard on exception of plaintiff and overruled.

BARROWS, J.   In assumpsit plaintiff recovered a verdict for $1,085.70.   The case is before this court on her exception to the granting of defendant's motion for a new trial by the trial justice.

The action was to recover for board, lodging and care of defendant's intestate, a widow, named Catherine Malloy,

from September 20, 1920, to July 20, 1921. Mrs. Malloy died in August, 1921, at the State Institutions at Howard, without near relatives and apparently in dire poverty. She had been distantly related to plaintiff's deceased husband; had made an occasional, and at one time an extended, visit to plaintiff's home without payment being asked or offered. September 20, 1920, she came uninvited to live in plaintiff's home. Plaintiff was under no legal or moral obligation to take her in or to provide for her, and the evidence clearly shows that plaintiff put herself to inconvenience and some annoyance in keeping Mrs. Malloy. The latter told plaintiff upon arriving at plaintiff's house that her stay would be only until she could procure a tenement. She never procured one and the stay actually continued for forty-three weeks, until plaintiff left for a brief vacation. Shortly after plaintiff's departure Mrs. Malloy was taken sick and transferred to the State Institutions, where she died as above recited. Arrangements were being made to bury her in Potter's field when the discovery was made that she had four thousand dollars in a Woonsocket bank.

During Mrs. Malloy's stay at the home of plaintiff she, Mrs. Malloy, stated both to the plaintiff and to others that she would pay to plaintiff every cent that she owed her. Plaintiff never had any talk with her about charging for board, lodging and care.

Defendant attempted to meet plaintiff's claim by evidence of statements of plaintiff after Mrs. Malloy's death when it was expected that she would be buried in Potter's field, that "her soul don't owe me (plaintiff) a cent"; and further, by contending that the evidence showed that plaintiff was acting solely from motives of charity and never expected to receive payment or intended to make any charge for services until after Mrs. Malloy's death and the discovery of the four thousand dollar deposit.

This court in cases involving contracts for services,— *Fuller* v. *Mowry*, 18 R. I. 424; *Brown* v. *Cummings*, 27 R. I. 369; *Hobin* v. *Hobin*, 33 R. I. 249; *Chapman* v. *Inds. Trs.*

*Co.*, 43 R. I. 544,—has said that the test of plaintiff's right to recover is the reasonable and proper expectation of both plaintiff and the deceased that plaintiff would be compensated. Mrs. Malloy's expectation to compensate plaintiff was explicitly testified to but from appearances and acts of Mrs. Malloy a jury might find that plaintiff regarded the promises as the idle vaporings of a destitute old woman, that she gave no thought of right to compensation and expected that she had no claim. If, acting under an erroneous belief about Mrs. Malloy's financial condition, which belief was not induced by any fraud on Mrs. Malloy's part, plaintiff intended her services as an absolute gratuity regardless of the actual fact of Mrs. Malloy's financial condition, she could not recover after Mrs. Malloy's death and the discovery of funds. *Hanrahan* v. *Baxter*, 116 N. W. (Iowa) 595; Trustees of *University* v. *McNairs, Exr'r.*, 37 N. C. 605; 13 C. J. 287. An intended charitable relationship during Mrs. Malloy's life could not be converted into a contractual one after her death.

The trial justice evidently took this view of the testimony for he finds that the services while rendered substantially as claimed were without expectation of payment and "from purely charitable motives". This is a possible but not a necessary conclusion to draw from the evidence. One may act from charitable motives and at the same time not intend to give services if payment can be secured.

The trial justice has taken a different view of the testimony from that adopted by the jury and, in the absence of clear error, the action of the trial justice in disapproving a verdict will be sustained. *Noland* v. *R. I. Co.*, 30 R. I. 246. Such error not appearing, plaintiff's exception is overruled and the case is remitted to the Superior Court for a new trial.

*Roscoe M. Dexter*, for plaintiff.

*James H. Rickard, Hugo A. Jarret*, for defendant.