KENDALL A. MOWRY *et al. vs.* SAMUEL M. DEAN *ex.*

JANUARY 2, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

SWEENEY, J. This action of the case in assumpsit is before this court on defendant's bill of exceptions. The case was tried by a justice of the Superior Court, jury trial not having been claimed by either party. The only exception necessary to be considered is the one that the decision is against the law and the evidence.

The action is brought to recover $3,195 for board, lodging, care and nursing provided by plaintiffs for defendant's testator during the last six years of his life. After a full trial decision was rendered for plaintiffs for $1,040 for board, lodging and services provided for the testator during the last two years of his life.

Plaintiffs are husband and wife and live on a small farm. The testator lived with the plaintiffs from 1919 until January, 1929, when he died at the age of 86. During the last two years of his life he had a cancer on his mouth which ultimately caused his death. Mrs. Mowry, one of the plaintiffs, testified that the testator asked her if he could come and live with them saying that he would "make it all right with them;" that he spoke to her husband about it and they agreed to permit the testator to come and live with them. Mrs. Mowry further testified that she expected she would be paid for the board, lodging and care she gave the testator. She was not related to him but he was a great-uncle to her husband. It appeared in evidence that during the last two years of testator's life particular care and attention were required in order to prevent the other inmates of the household from becoming infected with his disease and that he required special food. Plaintiffs were under no legal or moral obligation to support the testator. He solicited the privilege of living with them and agreed to "make it all right with them."

The test of plaintiffs' right to recover is the reasonable and proper expectation of both plaintiffs and deceased that plaintiffs would be compensated. *Frain* v. *Brady*, 48 R. I. 24. Applying this rule to the testimony we find that it is sufficient to support the decision of the trial justice.

Defendant contends that the evidence shows a misjoinder of parties because the claim on which the action is based is several and not joint and hence under the statute the husband and wife must sue alone. See Sec. 14, Chap. 290, G. L. 1923. *Gencarelle* v. *N. Y., N. H. & H. R. R. Co.*, 21 R. I. 216. The contention cannot be sustained as Mr.

Mowry testified that he and his wife considered that the services rendered the testator were one account—that it was a joint account—and Mrs. Mowry testified to the same effect. There was no misjoinder of parties.

All of the exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiffs on the decision.

*Frederic E. Whitaker, Fred Israel,* for plaintiffs.
*Patrick J. Mulvey,* for defendant.