Joseph KASKIEWICZ

v.

EAST BAY INSURANCE, LTD., et al.

No. 93–417–Appeal.

Supreme Court of Rhode Island.

April 28, 1994.

Stephen C. Mackie, Mackie McDonald & Romano, Providence, for plaintiff.

Nettie C. Vogel, Vogel Souls & Woodbine, Providence, Edward Grourke, Finan & Grourke, Pawtucket, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing the plaintiff to appear and to show cause why his appeal should not be summarily denied and dismissed. In this case the plaintiff has appealed from an entry of judgment in the Superior Court on a directed verdict for the defendants. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

This appeal arises out of a tangled web of assertions and denials presented below. The evidence presented establishes the following: the defendant, East Bay Insurance, Ltd. (East Bay), is an independent insurance agency that procures insurance from many different insurance companies for members of the public. The defendant, Paul F. Shannon, Jr. (Shannon), is an officer and authorized representative of East Bay.

The codefendant, E.A. Kelley Company (Kelley), is a separate and distinct corporation from East Bay. It is an authorized representative of Lloyds of London (Lloyds). On March 21, 1989, plaintiff, Joseph Kaskiewicz, spoke with Shannon about insuring what he said was a newly acquired truck. After speaking with plaintiff, Shannon advised him that he would be unable to obtain insurance directly from any of the companies East Bay regularly represented for two reasons: first, that plaintiff was seeking to insure a commercial vehicle, the tractor portion of a tractor trailer truck,[1] and second, plaintiff was only twenty-one years of age at the time.

Shannon told plaintiff that he would contact Kelley and did so in plaintiff's presence. During this telephone conversation Shannon and a Kelley agent discussed a number of coverage issues, including price payments.

Within a couple of days plaintiff returned to East Bay and paid $500 as an initial payment toward a policy. He was told that he would receive a written confirmation of the policy within several days. Kelley then began processing the policy with Lloyds.

Several days later plaintiff asked Shannon for a binder or other written proof that he had insurance coverage. Shannon replied that the written policy would arrive soon and that it was not East Bay's policy to issue binders unless specifically requested by the customer. The plaintiff insisted that he be given a binder, which he needed as proof of insurance before he could get work with his truck. A clerk at East Bay then prepared a binder form, which showed an X in a block next to the words "Comprehensive Deductible." East Bay and Shannon admit that the X indicating Comprehensive Deductible was a clerical error on their part. The form was dated April 4, 1989, and was signed by Shannon. About one week later plaintiff received the Lloyds insurance policy from Kelley.

East Bay and Shannon insist that they made it clear to plaintiff that the policy from Lloyds would contain combined additional coverage, CAC, rather than comprehensive. Similar to comprehensive, CAC covers the same types of risks but it does not include coverage for vandalism or glass breakage. They also insist that neither Kelley nor Lloyds ever agreed to provide comprehensive coverage to plaintiff. The policy issued by Lloyds contained CAC coverage, not compre-

---

1. It was later established that plaintiff did not have title to the truck. As a result of a Superior Court order, plaintiff was given possession on the condition he pay for the vehicle with monthly payments. At the time of these events plaintiff was $7,000 short of payment in full and his payments were in arrears.

hensive. On or about April 3, Kelley issued a binder which was received by East Bay a few days later showing that plaintiff's policy included CAC coverage, not comprehensive.[2]

A few days after receiving his binder, plaintiff appeared at East Bay's office with a copy of a police report showing that his vehicle had sustained vandalism damage on March 19, 1989. Shannon advised him that the loss was not covered because it had occurred before the effective date of his policy, March 22, 1989. The plaintiff left and returned later with a new police report showing the date of the vandalism as April 9, 1989.

In deciding whether to grant a motion for directed verdict, the trial justice "must consider the evidence in the light most favorable to the party against whom the motion is made without weighing the evidence or considering the credibility of the witnesses and extract from that record only those reasonable inferences that support the position of the party opposing the motion." *Grant v. Briskin*, 603 A.2d 324, 327 (R.I.1992) (quoting *Evans v. Liguori*, 118 R.I. 389, 394, 374 A.2d 774, 776 (1977)). At trial the evidence fell short of proving that the damage complained of was the result of vandalism and if it was vandalism, that it occurred after March 22, 1989.

The so-called binder of April 4, 1989, did not create a contract for comprehensive coverage, including protection against vandalism. The plaintiff needed to establish a mutual agreement between the parties and an intent on Shannon's part to promise the requested coverage. *J. Koury Steel Erectors, Inc. of Massachusetts v. San–Vel Concrete Corp.*, 120 R.I. 360, 365, 387 A.2d 694, 697 (1978). None was established. The plaintiff knew the nature of the relationship between East Bay and Kelley. The plaintiff's prior insurance transaction with Kelley reinforced this knowledge. The plaintiff knew that the April 4 document was provided to him as a courtesy so that he could secure immediate employment with his truck. He knew the real binder could be issued only by Kelley as Lloyd's agent.

When granting the motion for directed verdict, the trial justice stated that in evaluating the evidence in a light most favorable to the plaintiff, there were "only loose ends, none of which [tied] together, and even if tied together, it form[ed] no legal basis under any theory that could make either defendant [liable]." We are of the opinion that the trial justice was justified in so finding.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

---

**2.** Approximately one year prior to the events giving rise to this case, plaintiff had insured a different truck with Lloyds. That policy provided only CAC coverage.