John J. MORRIS

v.

Evelyn R. ZUCKERMAN, Executrix under the Will of Fred J. Zuckerman.

No. 95–516–Appeal.

Supreme Court of Rhode Island.

July 12, 1996.

John J. Morris, Pro Se.

William Chaika, Providence, for Defendant.

## OPINION

PER CURIAM.

This appeal follows a Superior Court justice's granting of the defendant's motion for a directed verdict upon certain claims arising out of alleged personal services rendered by the plaintiff to Fred J. Zuckerman, defendant's late husband. The plaintiff has filed this pro se appeal, challenging the grounds of that directed verdict. We asked both parties to appear before us to show cause why the matters raised by this appeal should not be determined summarily. Having carefully reviewed their submissions, we detect no cause and shall therefore decide the issues at this time.[1]

The *casus belli* here was the rejection by defendant, Evelyn R. Zuckerman, of plaintiff's claims that he should be compensated from her late husband's estate for allegedly having rendered services to her husband for many years. The plaintiff, John J. Morris, claimed at trial that he had worked for the husband without compensation on the basis of the supposed promise on the part of the husband that he would take care of plaintiff in his will (counts 1 and 4) and that the husband had converted to his own use certain bank accounts that had been placed in both their names in consideration of plaintiff's services (count 3).[2] The plaintiff testified at trial that he began performing odd jobs for the husband in 1960 without remuneration.

1. The plaintiff failed to appear at oral argument, but with the consent of defendant's counsel, we shall nonetheless consider the merits of plaintiff's appeal on the parties' briefs.

2. Count 2 of plaintiff's complaint was not pursued at trial.

Apparently, plaintiff never asked the husband for compensation when he was alive, relying instead on his oft-repeated promise that he would eventually "take care of" plaintiff in his will. The plaintiff's daughter, Caitlin, corroborated plaintiff's story.

The plaintiff also testified that in 1987 the husband removed his wife's name from certain bank accounts and added plaintiff's name, having stated in a prior proceeding that he had made these bank account changes because he wanted to make sure plaintiff would be reimbursed for the "things he has done for me over the years." The plaintiff, however, later signed a document relinquishing whatever rights he may have had to those accounts.

Although plaintiff estimated he had worked for the husband an average of ten hours per week for thirty years, he apparently was never told how much he would be paid. At trial, using minimum-wage statistics, plaintiff claimed he was owed $35,807 for the services he had rendered for the husband.

Not surprisingly, Mrs. Zuckerman had a different story to tell. At trial, she testified that plaintiff and her late husband had been friends since childhood. She knew plaintiff sometimes accompanied her husband to work, but she said plaintiff never performed any physical labor. To be sure, defendant testified, out of friendship her husband would often give plaintiff some money once a week, but, she also pointed out, he never made a provision in his will for plaintiff and never asked her as his wife to take care of plaintiff monetarily.

Mrs. Zuckerman moved for a directed verdict at the close of plaintiff's case. The trial justice reviewed the evidence and found plaintiff's testimony to be based largely on generalities, conjecture, and surmise. Giving scant credence to the evidence supporting plaintiff's theories of recovery, the trial justice granted defendant's motion. The plaintiff's appeal to this court followed.

■■ We apply the same standard on appeal that governs adjudication of the directed-verdict motion below: the evidence and all reasonable inferences to be drawn

therefrom must be examined in the light most favorable to the plaintiff as the nonmoving party. *E.g., Burt v. New England Pest Control Co.,* 644 A.2d 308, 309 (R.I.1994). In this process, neither the trial justice nor this court on appeal may consider the credibility of witnesses or evaluate the weight of the evidence. *E.g., Lutz Engineering Co. v. Industrial Louvers, Inc.,* 585 A.2d 631, 635 (R.I.1991). If the proof is such that reasonable minds could differ in regard to the outcome, the motion must be denied and the claims sent to the jury. *Id.* But if the only reasonable conclusion that can be gathered from the record is that the nonmovant cannot possibly prevail, the directed-verdict motion must be granted. *Kenney Manufacturing Co. v. Starkweather & Shepley, Inc.,* 643 A.2d 203, 206 (R.I.1994).

■ Here, the trial justice correctly ruled that no evidence existed to support plaintiff's conversion claim. Since he signed a document waiving his rights to the bank accounts, it ill lies in plaintiff's mouth to contend on appeal that the jury should have been allowed to consider this aspect of his complaint.

■ But on the record we are reviewing, we believe that there was room for a jury to find that plaintiff had a legitimate expectation that he would be paid for his services. On more than one occasion we have said that a plaintiff may be entitled to recover against a decedent's estate for services rendered to the decedent during the decedent's lifetime "if the circumstances in which the services are rendered are such as to show a reasonable and proper expectation that compensation is to be made." *Traversa v. Smith,* 437 A.2d 1358, 1360 (R.I.1981) (quoting *Fuller v. Mowry,* 18 R.I. 424, 426, 28 A. 606, 607 (1893)); *accord Totman v. Vernon,* 494 A.2d 97, 99 (R.I.1985). And we have emphasized that "[t]he reasonableness of the amount of a claim and the value of the services rendered are matters properly within the province of the factfinder." *Traversa,* 437 A.2d at 1360.

Both the plaintiff and his daughter testified that the husband had said he would take care of the plaintiff. Mrs. Zuckerman, however, said the plaintiff never worked for her

husband. In conducting its evidential review, the trial court appears to have considered the witnesses' credibility and to have weighed the evidence before gauging the plaintiff to be light on both counts. But it was error for the court to do so on a directed-verdict motion. Viewing the proof and the legitimate inferences to be drawn therefrom in the light most favorable to the plaintiff and eschewing all credibility determinations, we find that reasonable minds could differ in regard to the ultimate outcome on counts 1 and 4.

For these reasons, the plaintiff's appeal is denied in part and sustained in part. We affirm the trial court's entry of a directed verdict on count 3 but vacate that part of the directed verdict pertaining to counts 1 and 4. The papers in this case are remanded to the Superior Court for a new trial on these counts.