## K & K CONSTRUCTION INCORPORATED

v.

## CITY OF WARWICK et al.

### No. 96–33–Appeal.

Supreme Court of Rhode Island.

May 2, 1997.

Joseph E. Rothemich, Coventry.

Stephen Mackie, Stephen Zubiago, Providence, Paul Sprague, Warwick.

## ORDER

The defendants, Raymond and Eileen O'Brien (the O'Briens) appeal from the denial of their motion for a new trial and challenge a judgment awarding damages in favor of the plaintiff, K & K Construction Incorporated (K & K).[1]

In 1987 the city of Warwick (city) accepted the O'Briens into its On Site Program, a municipal initiative to assist homeowners in replacing failed septic systems. Pursuant to the program, the city loaned the O'Briens 60 percent of the cost of installing a new system and gave them the remaining 40 percent as a

---

**1.** K & K originally filed separate actions against (1) the O'Briens and (2) the city of Warwick and Frank Motta, in his official capacity as city treasurer. These cases were consolidated below, and we ordered the parties to appear and show cause why this matter should not be summarily decided. Having heard their arguments and reviewed their memoranda, we believe that cause has not been shown, and therefore, we proceed to decide the appeal at this time.

grant to be paid to the eventual contractor. After the city put the job out for bid, K & K came in as the low bidder at $5,000. The O'Briens chose K & K to perform the work, and construction began. Numerous problems, however, plagued the project. As a result, although K & K did install a new septic system, it never received payment. Rather the O'Briens repaid the city the $3,000 loan amount, kept the $2,000 grant from the city, and withheld any payment to K & K, claiming that it had failed to restore the landscape of their yard following the installation.

K & K then filed suit in Superior Court against the O'Briens and the city, alleging breach of contract.[2] The O'Briens filed a counterclaim, seeking to recoup the cost of the landscaping. Following trial, the trial justice instructed the jury on the elements of express and implied contracts and on a possible alternative theory of recovery against the O'Briens under quasi-contract or unjust-enrichment principles. The jury returned a verdict against the O'Briens for $5,000, but awarded them $1,200 on their counterclaim.[3] Prior to the jury's deliberation, the O'Briens unsuccessfully moved for a directed verdict.[4] After the verdict they filed a motion for a new trial, but the trial justice denied this request as well. A timely appeal to this court followed.

The O'Briens now argue that they had no written contract with K & K to support any claim for breach of an express contract and that the elements of an implied contract, a quasi-contract, or an unjust-enrichment claim had not been proven. Thus they contend that the trial justice erred in denying their directed-verdict and new-trial motions. They also challenge the propriety of the

$5,000 judgment rendered against them on the grounds that "[t]here was no such competent testimony regarding the fair and reasonable value of the benefit conferred on [them]." We disagree with each of their contentions.

Our review of a directed-verdict motion is the same as that of the trial justice's at the time of the motion. *E.g., Morris v. Zuckerman,* 680 A.2d 937, 938 (R.I.1996). We consider the evidence in the light most favorable to K & K as the party opposing the motion. *Id.* Without weighing the evidence or making credibility determinations with respect to witnesses, we search the record for any facts and reasonable inferences therefrom that will support the nonmovant's position. *E.g., Kaskiewicz v. East Bay Insurance, Ltd.,* 641 A.2d 48, 50 (R.I.1994). Upon review of the record we find no error in the trial justice's denial of the directed-verdict motion. Eileen O'Brien testified that she was told how the On Site Program worked, that she had accepted $5,000 from the city, and that she was going to use that money to pay K & K to replace the septic system. Although a cofounder of K & K testified that he thought his contract was with the city, we believe that the jury could reasonably infer that an implied contract or a quasi-contract had been formed between the O'Briens and K & K and that the value of that contract was $5,000 or alternatively that K & K should recover this amount under an unjust-enrichment theory.

We next address the O'Briens' motion for a new trial. In passing on a motion for a new trial, the trial justice acts as a superjuror and will only disturb the jury's verdict when "in his or her judgment it is clearly wrong because it fails to respond truly to the merits of the controversy, fails to administer substan-

---

2. Although K & K's complaint against the O'Briens does not allege the breach of a particular type of contract, K & K argued at trial that an implied contract or a quasi-contract arose between it and the O'Briens. Alternatively K & K sought to recover under an unjust-enrichment theory.

3. The verdict form indicates that the jury was asked to decide "[w]hat amount, if any, * * * should be awarded to * * * K [ & ] K on its claim for breach of contract or unjust enrichment *against the O'Briens?*" Thus it is unclear whether the jury's verdict against the O'Briens

was based on breach of contract or unjust enrichment. The jury did not return a verdict against the city.

4. In 1995 the Superior Court Rules of Civil Procedure were revised, and among other changes the amended rules abandon former Rule 50's "directed verdict" nomenclature in favor of a new appellation—"judgment as a matter of law." However, this name change does not affect the applicable standard of review. *See* Super.R.Civ.P. 50 advisory committee's notes.

tial justice, and is against the fair weight of the evidence." *Izen v. Winoker,* 589 A.2d 824, 828–29 (R.I.1991). However, if the evidence presented at trial is "evenly balanced or is such that different minds could fairly come to different conclusions," then the jury's verdict must stand. *Id.* at 829.

Here, the trial justice determined that "there was conflicting testimony" concerning whether an express or implied contract existed between K & K and the O'Briens. Our review of the record yields no sign of any clear error in the trial justice's conclusions regarding the sufficiency of the evidence or the propriety of the damages award, especially when the K & K bid and the city's loan and grant package to the O'Briens for the installation matched the jury's $5,000 award. Further, the trial justice found that the award of $5,000 was "sustainable" because it fairly represented the parties' expectations with respect to the cost of installation. We give the trial justice's new-trial decision great weight and will disturb it only if it can be shown that he or she "overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *See id.* at 829. Discerning no reason to second guess the trial justice's decision, we affirm the denial of the O'Briens' new-trial motion.

For the above reasons we deny and dismiss the appeal, affirm the judgment, and remand the papers of the case to the Superior Court.

BOURCIER, J., did not participate.